IN THE UNITED SATE DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO S. ARCHULETA,

        Plaintiff,

v.                                                                    Civ. 10-cv-1224 JB/RHS

CITY OF ROSWELL, NEW MEXICO, ET AL.,
AL SOLIS, TRAVIS HOLLEY, JESSICA PALMER,
DAVID HERNANDEZ, RENEE L. CAMACHO,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

        This matter is before the Court on Defendant Renee L. Camacho's Motion to Strike Plaintiff's Second Amended Complaint (Doc. 29) and Supporting Memorandum filed on April 30, 2012.  Plaintiff filed his *pro se* Response to Defendant Camacho's Motion to Strike Plaintiff's Second Amended Complaint (Doc. 50) on May 10, 2012.  The Court having reviewed the Motion, Response, and relevant case law recommends that Defendant's Motion be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

        Plaintiff was the Defendant in a criminal proceeding in the United States District Court for the District of New Mexico, entitled United States v. Francisco Steve Archuleta, Cr. 10-107 BB.  He was indicted by the Grand Jury on two counts (Cr. Doc. 17).   Count One charged Plaintiff with committing the following offenses: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B), and (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C), and 21 U.S.C. § 846. (Cr. Doc. 17).  Count Two charged Plaintiff with possession with the intent to distribute

cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Cr. Doc. 17). Plaintiff retained private counsel and was represented during the pendency of the criminal proceeding (Cr. Doc. 7).  On May 13, 2010, Plaintiff entered into a Plea Agreement and appeared before the United States Magistrate Judge to enter his guilty plea to Count 2 of the Indictment (Cr. Docs 34, 35).  Plaintiff was sentenced on October 20, 2010, to 46 months of incarceration (Cr. Doc. 40).  Plaintiff currently remains in the custody of the Bureau of Prisons.

Plaintiff filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on December 16, 2010 (Doc. 1), seeking redress for alleged civil rights violations and other pendant claims which allegedly occurred in connection with the criminal proceeding.  On April 29, 2011, the trial court entered a Final Order Dismissing Case without prejudice for failure to cure certain filing defects (Doc. 5).  Plaintiff sent correspondence on May 17, 2011 which was construed by the Court as a Motion to Reopen Case (Doc 7).  The Court then entered an Order reopening the cause on August 10, 2011 (Doc. 9).  The trial judge referred this cause, on August 10, 2011, to the undersigned for recommended findings and final disposition. (Doc. 10).   Plaintiff's First Amended Complaint was filed (Doc. 12).

Defendant Camacho filed her Motion to Dismiss (Doc. 24) on March 14, 2012, seeking dismissal under Fed.R.Civ.P. 12(b)(1) asserting that the Court lacks subject matter jurisdiction and under Rule 12(b)(6) asserting that Plaintiff failed to state a claim upon which relief can be granted.  Plaintiff sued Defendant Camacho in her official capacity in his First Amended Complaint (Doc. 12 at 2).  Plaintiff filed his Second Amended Complaint on April 11, 2012 wherein Plaintiff incorporates his First Amended Complaint and alleges that the "pleading is amended only as to Defendant Renee Camacho" to sue her "in her individual capacity only" (Doc. 29).  The record reflects that Plaintiff did not seek leave of Court to file his Second

Amended Complaint. Defendant Camacho filed the instant Motion to Strike Plaintiff's Second Amended Complaint on April 30, 2012 (Doc. 40).

## LEGAL STANDARD AND ANALYSIS

Defendant Camacho moves to strike the Second Amended Complaint due to Plaintiff's failure to comply with Fed. R. Civ. P. 15(a)(1)(B). Pursuant to Fed. R. Civ. P. 15(a), an amended complaint may be filed without first obtaining Court authorization only under certain circumstances. Rule 15(a) provides that leave of Court is not required if the amended pleading is filed within 21 days after service of the pleading to be amended, or 21 days after service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b)(6), "whichever is earlier." Further, "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff's First Amended Complaint asserts claims against Defendant Camacho in her official capacity (Doc. 12 at 2). As more fully discussed in the Magistrate Judge's Proposed Findings and Recommended Disposition resolving Defendant Camacho's Motion to Dismiss (Doc. 24), Plaintiff's claims against the Defendant in her official capacity as an Assistant United States Attorney is actually a suit against the United States. Johnson v. Bd. of County Comm'rs for County of Fremont, 85 F.3d 489, 493 (10th Cir. 1996); Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996).

### I.
### Plaintiff Failed To Timely Amend His Complaint Or Seek Leave Of Court

Plaintiff's First Amended Complaint was filed August 29, 2011 (Doc. 12). He did not file his Second Amended Complaint until April 11, 2012, more than seven months after his First Amended Complaint and significantly more than 21 days after service of the pleading to be

amended and 26 days after Defendant Camacho's Motion to Dismiss (Doc. 24) was filed.  The Court speculates that Plaintiff's filing was made in an effort to prevent the Court from granting the Motion to Dismiss.

Plaintiff's Second Amended Complaint was filed after the 21-day deadline for filing an amended complaint without first obtaining leave of court to do so.  The record reflects that Plaintiff failed to obtain written consent from the Defendants nor did he obtain leave of court to file the Second Amended Complaint.  For these reasons, the Court recommends that Defendant Camacho's Motion to Strike Plaintiff's Second Amended Complaint be granted.

## II.
## Plaintiff Seeks To Circumvent Dismissal By Amending Complaint Without Leave of Court

Plaintiff attempts to circumvent dismissal by filing the Second Amended Complaint.  The record reflects that he filed the Second Amended Complaint after he received Defendant Camacho's Motion to Dismiss and more than seven months after he filed his First Amended Complaint.  Plaintiff's Response to the Motion to Strike does not present any meritorious reason for failing to timely file a response.

First, Plaintiff argues that his Second Amended Complaint should not be stricken for untimeliness because Plaintiff claims his filing was timely.  He misunderstands the rules governing computation of time given his contention that "Camacho has to prove when the document was received" by the Plaintiff (Doc. 50 at 1).  Fed. R. Civ. P. 6(a) provides for computation of deadlines.  Rule 6(a)(1) specifically provides that the time for calculating the deadline begins on the day after any given motion is filed and served, not upon receipt of the motion by the opposing party as the Plaintiff asserts.  Fed. R. Civ. P. 6(a)(1).

Next, Plaintiff claims that Defendant Camacho's assertion that she would be prejudiced

fails "to delineate where she could possibly be prejudiced" (Doc. 50). Defendant Camacho's Motion clearly states that she was prejudiced by not being able to respond to an appropriately filed motion seeking leave to file an amended complaint (Doc. 40). Plaintiff does not address the fact that none of the defendants were given the opportunity to object to the filing of the Second Amended Complaint. Rule 15 provides that where a party seeks to amend outside the requisite deadlines, the amendment is only allowed with the opposing party's written consent or with the Court's permission. Fed. R. Civ. P. 15(a)(2).

Finally, Plaintiff's argument that he was only amending the "capacity" in which he was suing Defendant Camacho because he made a mistake is unpersuasive. Plaintiff does not allege that he was amending his complaint because of newly discovered evidence. He appears to rename Defendant Camacho in a different capacity as an attempt to avoid prosecutorial immunity.

For all of these reasons, the Court concludes that Defendant Camacho's Motion to Strike should be granted.

## RECOMMENDED DISPOSITION

The Court concludes that Defendant, Renee L. Camacho is entitled to the relief requested and her Motion to Strike (Doc. 40) should be granted. Therefore, the Court recommends that Defendant's Motion (Doc. 40) be GRANTED.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to

have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

                                                */s/ Robert Hayes Scott*
                                                ROBERT HAYES SCOTT
                                                UNITED STATES MAGISTRATE JUDGE