IN THE UNITED SATE DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO S. ARCHULETA,

        Plaintiff,

v.                                               Civ. 10-cv-1224 JB/RHS

CITY OF ROSWELL, NEW MEXICO, ET AL.,
AL SOLIS, TRAVIS HOLLEY, JESSICA PALMER,
DAVID HERNANDEZ, RENEE L. CAMACHO,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Defendant Renee L. Camacho's Motion to Dismiss Pursuant to Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6) and Supporting Memorandum (Doc. 24) filed March 14, 2012. Plaintiff filed Francisco Archuleta's Pro Se Response to Renee L. Camacho's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)(6) (Doc. 31) on April 11, 2012. The Court having reviewed the Motion, Response, and relevant case law recommends that Defendant Camacho's Motion be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was the Defendant in a criminal proceeding in the United States District Court for the District of New Mexico, entitled United States v. Francisco Steve Archuleta, Cr. 10-107 BB. He was indicted by the Grand Jury on two counts (Cr. Doc. 17). Count One charged Plaintiff with committing the following offenses: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 21 U.S.C. § 846. (Cr. Doc. 17). Count Two charged Plaintiff with possession with the intent to distribute

cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Cr. Doc. 17). Plaintiff retained private counsel and was represented during the pendency of the criminal proceeding (Cr. Doc. 7). On May 13, 2010, Plaintiff entered into a Plea Agreement and appeared before the United States Magistrate Judge to enter his guilty plea to Count 2 of the Indictment (Cr. Docs 34, 35). Plaintiff was sentenced on October 20, 2010, to 46 months of incarceration (Cr. Doc. 40). Plaintiff currently remains in the custody of the Bureau of Prisons.

Plaintiff filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on December 16, 2010, seeking redress for alleged civil rights violations and other pendant claims which allegedly occurred in connection with the criminal proceeding (Doc. 1). On April 29, 2011, the trial court entered a Final Order Dismissing Case without prejudice for failure to cure certain filing defects (Doc. 5). Plaintiff sent correspondence on May 17, 2011 which was construed by the Court as a Motion to Reopen Case (Doc 7). The Court then entered an Order reopening the cause on August 10, 2011 (Doc. 9). The trial judge referred the case on August 10, 2011, to the undersigned for recommended findings and final disposition (Doc. 10). Plaintiff's First Amended Complaint was filed on August 29, 2011 (Doc. 12).

Defendant Camacho filed her Motion to Dismiss on March 14, 2012, seeking dismissal under Fed. R. Civ. P. 12(b)(1) and (6) (Doc. 24). She asserts that the Court lacks subject matter jurisdiction and that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff sued Defendant Camacho in her official capacity as an Assistant United States Attorney in his First Amended Complaint (Doc. 12 at 2). Plaintiff filed his Second Amended Complaint on April 11, 2012 wherein Plaintiff incorporates his First Amended Complaint and alleges that the "pleading is amended only as to Defendant Renee Camacho" to sue her "in her individual capacity only" (Doc. 29). The record reflects that Plaintiff did not seek leave of Court to file his

Second Amended Complaint.  The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 61) was filed August 27, 2012, and recommends that Defendant's Motion to Strike (Doc. 40) be granted and that Plaintiff's Second Amended Complaint be stricken.

## **LEGAL STANDARD**

Defendant Camacho moves for dismissal based on Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.  "[A] federal court must, 'in every case and at every state of the proceeding, satisfy itself as to its own jurisdiction.' " Mires v. United States, 466 F.3d 1208, 1211 (10th Cir. 2006) (citing  Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1301 (10th Cir. 1980).  The jurisdiction of federal courts is limited, so there is a presumption against federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.  Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir.1991).  When the court determines that it lacks jurisdiction it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  A motion under Rule 12(b)(1) which challenges the sufficiency of the complaint requires the court to accept the allegations in the complaint as true.  Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005).

Defendant Camacho also moves for dismissal based on Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  Robbins v. Oklahoma, 519

F.3d 1242, 1247 (10th Cir. 2008).  A complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content.  See Twombly, 550 U.S. at 557; Iqbal, 556 U.S. at 677-78.  A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 677-78.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 556-57 (2007).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Id. (internal quotations omitted).  Furthermore, while the court must accept all the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678-79.

## ANALYSIS

Defendant Camacho asserts that dismissal is appropriate because: (1) the Court lacks subject matter jurisdiction given that the United States has not waived sovereign immunity, and (2) that she is entitled to absolute prosecutorial immunity (Doc. 24 at 2).  Plaintiff argues that the Court should deny dismissal because his claims were reviewed by the Court pursuant to 18 U.S.C. § 1915 and were determined not to be frivolous.  Nothing in the record supports his contention that his claims were deemed not frivolous.  On December 21, 2011, the Court entered an Order finding that Plaintiff was proceeding pursuant to 28 U.S.C. § 1915 which governs proceedings brought *in forma pauperis* (Doc. 14).  The Order does not make a legal determination of the validity or frivolity of Plaintiff's claims.   He further argues that he filed the Second Amended Complaint to bring suit against Defendant Camacho in her individual capacity.  Plaintiff makes conclusory allegations that he is no longer suing the United States.  As stated

above, the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 61) filed August 27, 2012, recommends dismissal of the Second Amended Complaint for failure to comply with Fed. R. Civ. P. 15 therefore, Defendant Camacho is sued in her official capacity.

## I.
## The Court Lacks Subject Matter Jurisdiction Because
## The United State Did Not Waive Sovereign Immunity

Plaintiff's First Amended Complaint asserts claims against Defendant Camacho in her official capacity (Doc. 12 at 2). "An official capacity suit is only another way of pleading an action against an entity of which an officer is an agent. Johnson v. Bd. of County Comm'rs for County of Fremont, 85 F.3d 489, 493 (10th Cir. 1996); Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996). Therefore, Plaintiff's claims against Defendant Camacho in her official capacity as Assistant United States Attorney is actually a suit against the United States.

"The United States, as sovereign, is immune from suit in the absence of its consent." Sierra Club v. Lujan, 972 F.2d 312, 314 (10th Cir. 1992) (citing Library of Congress v. Shaw, 478 U.S. 310, 315, 106 S.Ct. 2957, 2961-62, 92 L.Ed.2d 250 (1986)). "[A] waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed' " by Congress. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L.Ed.2d 114 (1976) (quoting United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). A court must strictly construe a waiver in favor of the sovereign and may not extend it beyond what the language of the statute requires. Ruckelshaus v. Sierra Club, 463 U.S. 680, 686, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983). "The doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting in their official capacity." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).

An injured party is authorized, pursuant to 42 U.S.C. § 1983, to assert a claim for relief

against a person, who acting under color of State law, violates the party's federally protected rights.  A claim for relief under Section 1983 must allege (1) the deprivation of a federal right, and (1) that the person depriving plaintiff of the right acted under color of state law.  42 U.S.C. §1985 provides relief where a conspiracy operates to deprive an individual of federally protected rights[1].  Claims against the United States under Sections 1983 and 1985 are barred by sovereign immunity.  Timmons v. United States, 672 F.2d 1373, 1380 (11th Cir.1982);  Unimex, Inc. v. HUD, 594 F.2d 1060, 1061 (5th Cir.1979);

Specifically, Plaintiff asserts civil rights claims against Defendant Camacho under Sections 1983 and 1985.  Although he contends that he is not suing the United States "any longer" and that he is suing Defendant Camacho "in her individual capacity," the First Amended Complaint is against Defendant Camacho in her official capacity (Doc. 31 at 2).  Defendant correctly points out that 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. § 1331 do not waive sovereign immunity (Doc. 24 at 8-11).  28 U.S.C. § 1331, which confers jurisdiction to the Court over "civil actions arising under the Constitution, laws or treaties of the United States," does not waive sovereign immunity.  Lonsdale v. U.S., 919 F.2d 1440 (10th Cir. 1990).

The Court concludes that the United States has not waived sovereign immunity which would bar any claims against Defendant Camacho in her official capacity, and therefore recommends that the claims against Defendant Camacho be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

---

[1] A conspiracy requires the combination of two or more persons acting in concert.  Singer v. Wadman, 745 F.2d 606, 609 (10th Cir.1984), cert. denied, 470 U.S. 1028, 105 S.Ct. 1396, 84 L.Ed.2d 785 (1985).

## II.
## Defendant Camacho Is Entitled To Prosecutorial Immunity For
## Any Alleged Claims Against Her In Her Individual Capacity

Plaintiff asserts that his claims against Defendant Camacho have been converted to a "personal capacity" suit. As discussed above, the Court recommended that the Motion to Strike the Second Amended Complaint be granted[2]. Even if Plaintiff had successfully converted his claims to a "personal capacity" suit, Defendant Camacho is entitled to absolute immunity for her activities "intimately associated with the judicial process." Cordova v. Vaughn Municiapl School District Board of Education, et al., 3 F.Supp.2d 1216, 1219-20 (D.N.M. 1998) (citing Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1370 (10th Cir. 1991) (although not a § 1983 case, the Court determined that "government attorneys have been granted absolute immunity for activities that are intimately associated with the judicial process, such as initiating or pursuing a criminal prosecution or civil action.").

The Court has reviewed all of the facts of Plaintiff's First Amended Complaint. Plaintiff generally claims that Defendant Camacho conspired with Plaintiff's privately retained attorney (1) to deprive Plaintiff of due process in his criminal proceeding, (2) to deprive Plaintiff of his right to property without due process, and (3) to deprive Plaintiff of his right to life (Doc. 12). He specifically alleges that Defendant Camacho, through this conspiracy, forced him to enter into a plea agreement and plead guilty. Id. The record in the criminal proceeding belies Plaintiff's allegations that he was deprived of due process. Plaintiff "freely, voluntarily and intelligently" pled guilty and entered into the Plea Agreement (Cr. Doc. 35). Plaintiff further

---

[2] The record reflects that Plaintiff filed his Second Amended Complaint (Doc. 29) on April 11, 2012, approximately one month after Defendant Camacho filed her Motion to Dismiss (Doc. 24). The Court speculates that Plaintiff's filing was made in an effort to prevent the Court from granting the Motion to Dismiss. Moreover, Plaintiff failed to seek permission from the Court to file the amended complaint.

alleges that Defendant Camacho should be held liable for "assault" because she was aware of a "hit out on him" after his sentencing and that she took no steps to protect the Plaintiff (Doc 12 at 4, 10). Plaintiff makes bald assertions without substantiating how Defendant Camacho knew of the "hit," nor does he allege that he informed Defendant Camacho of this "hit" and that she failed to act on the information (Doc. 12). Moreover, Plaintiff fails to demonstrate on what basis Defendant Camacho would be liable for alleged deprivation of federally protected rights occurring after the conclusion of the criminal proceeding. Plaintiff further alleges that Defendant Camacho deprived him of his property through forfeiture without due process (Doc. 12 at 6-7). Plaintiff fails to identify a cause number for the alleged forfeiture proceeding or to substantiate that property was seized (Doc. 12).

Plaintiff's First Amended Complaint also alleges "official misconduct" against Defendant Camacho as an individual under his "Pendant Claims" (Doc. 12 at 10). Plaintiff fails to demonstrate how Defendant Camacho violated any prosecutorial ethics or code of conduct in her individual capacity. The Court has reviewed Plaintiff's Complaint and cannot discern any act that Defendant Camacho performed that was outside of her job description or duties. Defendant Camacho was identified as the prosecutor assigned to Plaintiff's case and that she negotiated the plea agreement. But the Court's review of the record also establishes that several different Assistant United States Attorneys represented the United States in the criminal proceedings and appeared at the different hearings conducted by the Court for accepting Plaintiff's plea, and sentencing the Plaintiff. Although Defendant Camacho was the attorney of record, she was not the only attorney involved in prosecuting Plaintiff's case.

All of the facts as alleged by Plaintiff are unsubstantiated and fail to state a claim under which relief may be granted because of Defendant Camacho's immunity. Fed. R. Civ. P.

12(b)(6). Therefore, the Court recommends dismissal of all claims against Defendant Camacho in her individual capacity.

## RECOMMENDED DISPOSITION

The Court concludes that Defendant, Renee L. Camacho is entitled to the relief requested and that her Motion to Dismiss (Doc. 24) should be granted. Therefore, the Court recommends that Defendant's Motion (Doc. 24) be GRANTED.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE