IN THE UNITED SATE DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO S. ARCHULETA,

        Plaintiff,

v.

                                                Civ. 10-cv-1224 JB/RHS

CITY OF ROSWELL, NEW MEXICO, ET AL.,
AL SOLIS, TRAVIS HOLLEY, JESSICA PALMER,
DAVID HERNANDEZ, RENEE L. CAMACHO,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION
<u>(MOTION FOR A PRELIMINARY INJUNCTION)</u>**

This matter is before the Court on Plaintiff's *pro se* Motion for A Preliminary Injunction ("Motion") filed April 9, 2012 (Doc. 25) and Motion For A Show Cause Order On Archuleta's Motion For A Preliminary Injunction ("Motion for Order to Show Cause") (Doc. 34).   Plaintiff moves the Court to enjoin Defendants City of Roswell, Al Solis, their agents and representatives (collectively "Roswell Defendants") from having contact with his family residing in Roswell (Doc. 25).   Plaintiff also seeks an injunction against the Roswell Defendants preventing them from contacting Plaintiff after his release from custody for the pendency of the litigation in this matter (Doc. 25).   The Roswell Defendants filed Defendants' Response to Plaintiff's Motion For A Preliminary Injunction on April 26, 2012 (Doc. 38), asserting that the Court should deny Plaintiff's Motion.   Defendant Renee L. Camacho filed her Response on April 10, 2012, seeking denial of the Motion (Doc. 27).    Plaintiff filed the Motion for Order to Show Cause on April 25, 2012, requesting the Court order the Roswell Defendants to show cause why the preliminary injunction should not issue (Doc. 34).   The Roswell Defendants filed their Response reiterating the same

arguments made in the Response (Doc. 38) against the entry of a preliminary injunction (Doc. 39). The Court having reviewed the Motions, Responses, and relevant case law recommends that Plaintiff's Motions should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was the Defendant in a criminal proceeding in the United States District Court for the District of New Mexico, entitled <u>United States v. Francisco Steve Archuleta</u>, Cr. 10-107 BB. He was indicted by the grand jury on two counts (Cr. Doc. 17).    Count One charged Plaintiff with committing the following offenses: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B), and (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C), and 21 U.S.C. § 846. (Cr. Doc. 17). Count Two charged Plaintiff with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Cr. Doc. 17).    Plaintiff retained private counsel and was represented during the pendency of the criminal proceeding (Cr. Doc. 7).   On May 13, 2010, Plaintiff entered into a Plea Agreement and appeared before the United States Magistrate Judge to enter his guilty plea to Count 2 of the Indictment (Cr. Docs 34, 35).    Plaintiff was sentenced by the District Judge on October 20, 2010, to 46 months incarceration (Cr. Doc. 40).   Plaintiff currently remains in the custody of the Bureau of Prisons.    Plaintiff filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on December 16, 2010, seeking redress for alleged civil rights violations and other pendant claims which allegedly occurred in connection with the criminal proceeding.    Plaintiff's First Amended Complaint was filed on August 29, 2011 (Doc. 12).

Plaintiff filed his Motion on April 9, 2012, claiming that the Roswell Defendants have followed a "course of contact" to harass Plaintiff's family in an effort to intimidate Plaintiff and his

family (Doc. 25).   Plaintiff claims that service of the First Amended Complaint precipitated the harassment (Doc. 25).   Plaintiff seeks an Order of the Court preventing the Roswell Defendants from "having any contact with Archuleta's family for any reason throughout the pendency of this litigation, and having any contact with Archuleta after his release from prison" (Doc. 25 at 1).

## LEGAL STANDARD AND ANALYSIS

"Preliminary injunctions are extraordinary equitable remedies designed to preserve the relative positions of the parties until a trial on the merits can be held."  Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1224 (10th Cir. 2009) (citing Univ. of Tex. v. Camenisch, 451 U.S. 390, 395, (1981) *(internal quotations omitted)*.   A party seeking a preliminary injunction bears the burden of demonstrating: (1) that he will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood that movant will ultimately prevail on the merits; (3) the threatened injury to the movant outweighs the harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.   Awad v. Ziriax, 670 F.3d 1111, 1126 (10th Cir. 2012).

Plaintiff contends he and his family are entitled to a preliminary injunction against the Roswell Defendants (Doc. 25).   The Roswell Defendants assert that Plaintiff lacks standing to seek the preliminary injunction on his family's behalf or on his own behalf (Doc. 38).   They further argue that even if he had the requisite standing, he fails to allege sufficient facts to warrant the award of a preliminary injunction (Doc. 38 at 4).   In his Motion for Order to Show Cause, Plaintiff contends that the Roswell Defendants do not deny the allegations contained in his Motion and therefore, the Court should grant a preliminary injunction (Doc. 34 at 1).

## I.
## Plaintiff Fails To Demonstrate Standing To Assert The Rights Of His Family

Plaintiff claims that his family (wife, daughters, son-in-law and grandchildren) are being

harassed by the Roswell Police Department (Doc. 25 at 1).   Plaintiff's family resides at the family home located in Roswell (Doc. 25 at 3).    Plaintiff alleges that on three separate occasions there were "untoward and harassing contacts" made by the Roswell Defendants against Plaintiff's family (Doc. 25 at 2-3).   Plaintiff states that on these occasions Roswell Defendants investigated several domestic violence or disturbance calls, late at night or early in the morning, when Plaintiff's family was sleeping.   He claims that the "contact was pretextual" (Doc. 25 at 3).   Plaintiff further claims that since the alleged harassment of "his law abiding family members" occurred after the filing of his Amended Complaint, "the harassment is empirical" (Doc. 25 at 3).

The Roswell Defendants argue that Plaintiff fails to establish that he has standing to seek an injunction for his family.   They claim that Plaintiff could only seek relief if he were entitled to assert third party standing.

"[A] plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."   Aid for Women v. Foulston, 441 F.3d 1101, 1111 (10th Cir. 2006).    An exception to the rule, the doctrine of "third party" or "Jus Tertii" standing, allows plaintiffs to assert the rights of others not before the court.   Id. at 1111. This exception requires Plaintiff to demonstrate that (1) the party asserting the right has a close relationship with the person who possesses the right, and (2) the third party is unable to protect his or her own interests.   Id. at 1112.   Courts have determined potential obstacles to a third-party asserting their rights include: concerns over privacy or where the third-party is minor.   Aid for Women v. Foulston, 441 F.3d at 1111-12.

The Court considers whether the third party standing exception applies to allow Plaintiff to seek a preliminary injunction on behalf of his family.   The allegations suggest that in addition to his wife, some or all of his daughters and his son-in-law are adults.   While Plaintiff alleges that

Roswell Defendants harassed his family, he does not explain nor provide any evidence of incapacity or other impairment that prevents his family from seeking an injunction on their own behalf or on behalf of any minors.   While the Court acknowledges that Plaintiff may have a close relationship with these family members, he fails to demonstrate how they are unable to protect their own interests as required by Aid for Women v. Foulston, 441 F.3d at 1111-12.   Therefore, the Court concludes that Plaintiff lacks standing to seek a preliminary injunction on behalf of his family.   As a result, it is recommended that his Motion for Preliminary Injunction on behalf of his family be denied.

## II.
## Plaintiff Lacks Standing To Seek A Preliminary Injunction To Prohibit Contact By The Roswell Defendants After He Completes His Term Of Incarceration

Plaintiff also seeks a preliminary injunction prohibiting the Roswell Defendants from having any contact with him after he is released by the Bureau of Prisons.   The Roswell Defendants argue that Plaintiff "failed to establish that he has the requisite standing" to seek the relief requested (Doc. 38 at 2).   They also argue and cite to case law which provides that "there is no constitutional right to be free from police harassment" (Doc. 38 at 3).   The Roswell Defendants further argue that "Plaintiff must allege that the conduct constitutes a systematic pattern of a specific constitutional violations in order to demonstrate a harm" (Doc. 39 at 3).

A litigant must first establish that he has standing to challenge the action.   ACLU v. Johnson, 194 F.3d 1149,1155 (10th Cir. 1999).   To establish standing, a plaintiff must have suffered an injury-in-fact.   ACLU v. Johnson, 194 F.3d at 1154.   A plaintiff "must show an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."   Id. at 1154.   While Plaintiff asserts he is entitled to a preliminary injunction, he does not specify what legally protected interest will be violated by the

Defendants that is actual or imminent. ACLU v. Johnson, 194 F.3d at 1154. A plaintiff lacks standing to seek injunctive relief if he cannot show that he "has suffered some actual or threatened injury." City of Los Angeles v. Lyons, 461 U.S. 95, 128 (1983).

Plaintiff does not allege nor is there any evidence that the Roswell Defendants had any direct contact with the Plaintiff where he is currently incarcerated. He does not specifically assert that he has been injured. Plaintiff only claims that the alleged harassment of his family is intended to intimidate him. Plaintiff does not explain how the alleged intimidation is an actual injury. As stated above, freedom from alleged police harassment is not a legally protected interest. Plaintiff does not demonstrate a real and concrete threat or identify what specific constitutional right allegedly being violated by the Roswell Defendants. There is no evidence that Plaintiff has suffered an actual or imminent injury from the Roswell Defendants' responses to disturbance calls at Plaintiff's Roswell residence. Plaintiff does not reside in Roswell because he was sentenced to forty-six (46) months incarceration and remains in the custody of the Bureau of Prisons. Also, there is no evidence that there will be any violation of a legally protected interest after his release. Any allegation that there will be a violation after Plaintiff's release is speculative at best and insufficient to demonstrate an injury-in-fact. City of Los Angeles v. Lyons, 461 U.S. at 105. The facts support the Court's conclusion that Plaintiff fails to demonstrate that he has standing to bring his claim and therefore, it is recommended that his Motion be denied.

### III.
### Plaintiff Is Not Entitled To A Preliminary Injunction

Even if Plaintiff had standing seek a preliminary injunction, he fails to establish that he is entitled to the "extraordinary remedy." Westar Energy, Inc. v. Lake, 552 F.3d at 1224. Plaintiff bears the burden of establishing by clear proof his right to an injunction, mere allegations are insufficient. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir.1975). Beltronics

USA, Inc. v. Midwest Inventory Distribution, LLC., 562 F.3d 1067, 1070 (10th Cir. 2009). Plaintiff must demonstrate that he will succeed on the merits and that he will suffer irreparable injury unless the Court grants relief.    Penn v. San Juan Hospital, Inc., 528 F.2d at 1185.

Plaintiff cannot meet the burden of proof.   First, Plaintiff does not provide any evidence of harm arising from the Roswell Defendants responses to disturbances at the family home in Roswell.   Not only must he demonstrate an injury, he must show that "such an injury will be irreparable without the injunction."   Awad v. Ziriax, 670 F.3d at 1131.   Plaintiff fails to introduce any evidence demonstrating irreparable harm, the first factor that is required for the Court to grant the preliminary injunction. Awad v. Ziriax, 670 F.3d at 1126.

The second factor requires Plaintiff to show substantial likelihood that he will prevail on the merits.   Id. at 1126.   In his Motions, Plaintiff does not provide any evidence or even mention that he is likely to prevail on the merits.   Based on what has been alleged so far, there does not appear to be a substantial likelihood that Plaintiff will prevail.

The third factor requires the Court to determine if the injury to a plaintiff outweighs any injury the opposing party will suffer under the injunction.   Awad v. Ziriax, 670 F.3d at 1132. Plaintiff does not demonstrate how any threatened injury to himself outweighs the harm if the Roswell Defendants are enjoined from responding to disturbance or other emergency calls to the family residence in Roswell.   Id. at 1126.

The final factor requires Plaintiff to demonstrate that the injunction would not be contrary to the public interest.   Awad v. Ziriax, 670 F.3d at 1126.   Plaintiff fails to show how the injunction is not adverse to the public interest.   It is common sense that there is a strong public interest that the Roswell Defendants be able to respond to emergency calls.   If they are prevented from responding to calls at Plaintiff's residence, it is likely the injunction is adverse to public

interest because there is a strong public interest in allowing first responders to show up at the scene of an emergency call.

The Court concludes that Plaintiff has not alleged any facts that would support the issuance of a preliminary injunction. Therefore, the Court recommends Plaintiff's Motion be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Plaintiff is not entitled to any relief with respect to the claims raised in his Motion for Preliminary Injunction (Doc. 25) or the Motion for A Show Cause Order on Archuleta's Motion For A Preliminary Injunction (Doc. 34). Therefore, the Court recommends that Petitioner's Motions (Doc. 25 and Doc. 34) be DENIED.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE