IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO S. ARCHULETA,

      Plaintiff,

vs.                                                                                                No. CIV 10-1224 JB/RHS

CITY OF ROSWELL, NEW MEXICO,
AL SOLIS, TRAVIS HOLLEY, JESSICA PALMER,
DAVID HERNANDEZ, RENEE L. CAMACHO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

     **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings

and Recommended Disposition, filed August 27, 2012 (Doc. 61)("PF&RD"), which recommends

granting Defendant Renee L. Camacho's Motion to Strike Plaintiff's Second Amended Complaint,

filed April 30, 2012 (Doc. 40)("Motion to Strike").  The time for filing objections expired

September 13, 2012.  No party has filed objections.  The Court will adopt in part the PF&RD.

The Court agrees generally with the findings and recommendations of the Honorable Robert

Hayes Scott, United States Magistrate Judge, but disagrees that the proper course of action is to

strike, in its entirety, Francisco S. Archuleta's Second Amended Complaint, filed April 11, 2012

(Doc. 29)("Second Amended Complaint").   The Court concludes that, because Plaintiff Francisco

S. Archuleta's amendment was improper under rule 15(a), the correct action for the Court to take is

to find that the amendment is ineffective, and did not supersede Francisco S. Archuleta's Pro Se

First Amended Civil Right [sic] Complaint Pursuant to 42 USC § 1983, 1985 and Pendent Claims,

filed August 29, 2011 (Doc. 12)("First Amended Complaint").   The Court will, in effect,

disregard the pleading and find it not to be the controlling complaint, i.e., the Court and the parties

will ignore it.   The Court will therefore adopt all of Judge Scott's other findings and recommendations in the PF&RD, will grant in part and deny in part the Motion to Strike, and finds that the First Amended Complaint is the effective complaint in the case.

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

(f)      **Motion to Strike.**   The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

       (1)      on its own; or

       (2)      on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).   Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted).   Accord Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules

of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'"   Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored."   Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(Egan, J.))(internal quotation marks omitted).   "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'"   Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, *3 n.6 (10th Cir. 1998)(unpublished table decision)).

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS
### AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").   Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Similarly, 28 U.S.C.

§ 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.   The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."   United

States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and

Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S.

140, 147 (1985)).   As the Tenth Circuit has noted, "the filing of objections advances the interests

that underlie the Magistrate's Act, including judicial efficiency."   One Parcel, 73 F.3d at 1059

(citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters,

638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."   One Parcel, 73 F.3d at 1060.   "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'"   One Parcel, 73 F.3d at 1059 (citations omitted).   In addition to requiring specificity

-5-

in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived."   Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996).   See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir.

2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report

are deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court

correctly held that [a petitioner] had waived [an] argument by failing to raise it before the

magistrate."   Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule

to cover objections that are timely but too general.   See One Parcel, 73 F.3d at 1060.   The

Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.   The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H. R. Rep.
> No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162
> (hereafter House Report).   There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration to
> the magistrate's report than the court considers appropriate.   Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before it
> the guidelines of the Administrative Office of the United States Courts concerning
> the efficient use of magistrates.   Those guidelines recommended to the district
> courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue,
> his determination should become that of the district court, unless specific objection
> is filed within a reasonable time."   See Jurisdiction of United States Magistrates,
> Hearings on S. 1283 before the Subcommittee on Improvements in Judicial
> Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24
> (1975) (emphasis added) (hereinafter Senate Hearings).   The Committee also
> heard Judge Metzner of the Southern District of New York, the chairman of a
> Judicial Conference Committee on the administration of the magistrate system,
> testify that he personally followed that practice.   See id., at 11 ("If any objections

-6-

come in, . . . I review [the record] and decide it.   If no objections come in, I merely sign the magistrate's order.").   The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.   Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.   There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.   We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").   In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

-7-

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations.   In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.   The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *6.   The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously

contrary to law, or an abuse of discretion, which they are not").   This review, which is deferential

to the magistrate judge's work when there is no objection, nonetheless provides some review in the

interest of justice, and seems more consistent with the waiver rule's intent than no review at all or

a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See

Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an

intent to require the district court to give any more consideration to the magistrate's report than the

court considers appropriate.").   The Court is reluctant to have no review at all if its name is going

at the bottom of the order adopting the magistrate judge's proposed findings and

recommendations.

## ANALYSIS

The Court has made a de novo determination and agrees in part with Judge Scott's

recommendations in the PF&RD.   The Court agrees with Judge Scott that Archuleta failed to

timely amend his Civil Rights Complaint Pursuant to 42 USC § 1983, filed December 16, 2010

(Doc. 1), and also failed to secure the Court's leave to do so.   Because rule 12(f) of the Federal

Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f)

(emphasis added), the Court concludes that it is not proper to strike the entire Second Amended

Complaint.   See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 894 (2d Cir. 1976)("[I]f

the motion [to strike] is granted at all, the complaint should be pruned with care.").   Motions to

strike seem to be designed, for the most part, to prune pleadings, not to strike entire pleadings filed

inconsistently with the federal rules.   It has always been difficult to conceptualize what it would

mean to strike a document; even in the old days of paper filing, the Court did not remove a

document from the record.   Striking an entire document makes even less sense in the present

electronic filing system, where the record can easily be viewed via CM/ECF the moment a

document is filed.   What the Court is really doing -- and likely what Defendant Renee L.

Camacho is asking the Court to do[1] -- is not removing a document, but saying the particular

document has no legal effect.   It seems better to use the nomenclature that better reflects what is in

fact happening.

Rule 15(a) provides that, where a party cannot amend its pleading as a matter of course

under rule 15(a)(1), the party can amend the pleading only with "the opposing party's written

consent or the court's leave."   Fed. R. Civ. P. 15(a)(2).   In Murray v. Archambo, the Tenth

Circuit held that an amended complaint not properly filed with the opposing party's consent or the

court's leave under rule 15(a)(1) is legally ineffective.   See 132 F.3d at 609.   The Tenth Circuit

reasoned:

> Generally speaking, an amendment that has been filed or served without leave of
> court or consent of the defendants is without legal effect.   See Hoover v. Blue
> Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); 6 Charles Alan Wright
> et al., Federal Practice & Procedure § 1484, at 601 (2d Ed. 1990). It follows, then,
> that only an amended complaint that is in effect - that is, properly filed pursuant to
> the requirements of Rule 15 - can supersede the original.   Cf. King v. Dogan, 31
> F.3d 344, 346 (5th Cir. 1994)(properly filed amended complaint superseded

---

[1] Camacho is not off base in moving the Court to strike the Second Amended Complaint entirely.   She apparently believed, based on Tenth Circuit case law, that the request sought was the correct remedy for Archuleta's untimely amendment without her consent and without the Court's leave.   The Tenth Circuit has, in the past, affirmed district courts for doing just that: striking the entire pleading where it was not properly filed pursuant to rule 15.   See White v. Arnold, 951 F.2d 1261, 1991 WL 268873, at *1 (10th Cir. 1991)(unpublished table opinion)(affirming the district court's "striking a complaint that was erroneously filed without leave"); Montgomery v. City of Ardmore, 365 F.3d 926, 943 (10th Cir. 2004)(affirming the district court "when it struck the amended complaint," as the plaintiff did not receive the court's leave to amend).   The Court believes, however, that, as the Tenth Circuit held in Murray v. Archambo, 132 F.3d 609 (10th Cir. 1998), the more appropriate remedy is to find the amendment ineffective and to disregard the document.

> original and was therefore the only effective complaint in the case).   Because
> Murray's amended complaint was not properly filed pursuant to Rule 15, it had no
> legal effect and did not supersede his original complaint.

Murray v. Archambo, 132 F.3d at 612.   Accordingly, the Court concludes that the proper course is

for the Court to disregard Archuleta's Second Amended Complaint as without legal effect.

Because the Court agrees with Judge Scott's recommendations in the PF&RD aside from

his ultimate conclusion to strike the Second Amended Complaint, the Court will adopt as its own

the other findings and conclusions of the PF&RD, and the Court will grant it in part Defendant

Camacho's Motion to Strike Plaintiff's Second Amended Complaint.   Rather than strike the

Second Amended Complaint in its entirety, the Court will disregard the Second Amended

Complaint, and treat Archuleta's previous complaint, the First Amended Complaint, as the

effective complaint in the case.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended

Disposition of the Magistrate Judge, filed August 27, 2012 (Doc. 61), is adopted in part; (ii)

Defendant Renee L. Camacho's Motion to Strike Plaintiff's Second Amended Complaint, filed

April 30, 2012 (Doc. 40), is granted in part; (iii) Francisco S. Archuleta's Second Amended

Complaint, filed April 11, 2012 (Doc. 29), will be disregarded as ineffective; and (iv) Francisco S.

Archuleta's Pro Se First Amended Civil Right [sic] Complaint Pursuant to 42 USC § 1983, 1985

and Pendent Claims, filed August 29, 2011 (Doc. 12), is the effective complaint in the case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Francisco S. Archuleta
Federal Prison Camp
Florence, Colorado

   *Plaintiff pro se.*

Bryan D Evans
Barbara Marie Smith
Carla Neusch Williams
Atwood, Malone, Turner & Sabin, PA
Roswell, New Mexico

   *Attorneys for Defendants City of Roswell,*
     *Al Solis, Travis Holley*

Richard L. Kraft
Kraft & Hunter, LLP
Roswell, New Mexico

   *Attorneys for Defendant Jessica Palmer*

Santiago David Hernandez
El Paso, Texas

   *Defendant pro se*

Kenneth J. Gonzales
 United States Attorney
Michael H. Hoses
 Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for Defendant Renee L. Camacho*