## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO S. ARCHULETA,

        Plaintiff,

vs.                                                                                    No. CIV 10-1224 JB/RHS

CITY OF ROSWELL, NEW MEXICO,
AL SOLIS, TRAVIS HOLLEY, JESSICA PALMER,
DAVID HERNANDEZ, RENEE L. CAMACHO,

        Defendants.

**MEMORANDUM OPINION AND ORDER (1) ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION,
(2) OVERRULING PLAINTIFF'S OBJECTIONS AND (3) GRANTING
DEFENDANT RENEE L. CAMACHO'S MOTION TO DISMISS**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 27, 2012 (Doc. 62)("PF&RD"), which recommends granting Defendant Renee L. Camacho's Motion to Dismiss Pursuant to Fed. R. Civ. P. §§ 12(b)(1) and 12(b)6 [sic] and Supporting Memorandum, filed March 14, 2012 (Doc. 24)("Motion to Dismiss").   On September 6, 2012, Plaintiff Francisco S. Archuleta timely filed his Francisco S. Archuleta's Pro Se Objections to Magistrate Judge's Proposed Findings & Recommended Disposition/Re: Defendant Camacho's Capacity to be Sued in her Individual Capacity (Doc. 67)("Objections"), to the Honorable Robert Hayes Scott, United States Magistrate Judge's PF&RD.   The Court has determined that the PF&RD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and will therefore adopt the PF&RD and grant the Motion to Dismiss.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS
## <u>AND RECOMMENDATIONS</u>

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").   Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."   <u>United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents</u>, 73 F.3d 1057, 1059 (10th Cir. 1996)("<u>One Parcel</u>")(quoting <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985)).   As the Tenth Circuit has noted, "the filing of objections advances the interests

-2-

that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059

(citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters,

638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).   In addition to requiring specificity

in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir.

2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report

are deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court

correctly held that [a petitioner] had waived [an] argument by failing to raise it before the

magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule

to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The

Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."   See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

       The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not

-4-

apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").   In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations.   In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.   The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *6.   The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is

clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not").   This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").   The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

The Court has reviewed de novo those portions of the PF&RD to which Archuleta objects. In his Objections, Archuleta does not challenge dismissal of Defendant Renee L. Camacho in her

official capacity.  <u>See</u>, Objections ¶ 3 at 1.   Archuleta challenges Judge Scott's finding and recommendation that Camacho is entitled to prosecutorial immunity, and that the Court should dismiss any suit in her individual capacity.  <u>See</u> Objections ¶ 2, at 2.   Specifically, Archuleta argues that he has not asserted the individual capacity suit against Camacho, because he failed to obtain the Court's leave to file his Francisco S. Archuleta's Second Amended Complaint, filed April 11, 2012 (Doc. 29)("Second Amended Complaint"), and, therefore, any opinion of the Court "constitutes an advisory opinion."   Objection ¶ 2, at 2.   He contends that Camacho "should be subject to suit in her individual capacity <u>if</u> this Court grants leave to file a supplemental pleading" Objections ¶ 1, at 2 (emphasis added).

Archuleta's Objections lack a sound basis in the facts of the case and under the applicable law.   The Court agrees with Archuleta that federal courts should "not render advisory opinions and are limited to deciding issues in actual cases and controversies."   <u>McKinney v. Gannett Co. Inc</u>., 694 F.2d 1240, 1248 (10th Cir. 1982)(citing U.S. Const. art. 3; <u>Barr v. Matteo</u>, 355 U.S. 171 (1957); <u>Oklahoma City v. Dulick</u>, 318 F.2d 830 (10th Cir. 1963)).   "A justiciable controversy is distinguished from a difference or dispute of a hypothetical character or from one that is academic. The controversy must be one admitting to specific relief through a decree of a conclusive character, subject to judicial review."   <u>McKinney v. Gannett Co. Inc</u>., 694 F.2d at 1248.   The Court finds that Judge Scott has not issued an advisory opinion.   The parties fully briefed the issue of Camacho's prosecutorial immunity.   <u>See</u> Motion to Dismiss at 7-17; Francisco S. Archuleta's Pro Se Response to Renee L. Camacho's Motion to Dismiss Pursuant to F.R.C.P. Rule 12 (b)(1)(6) [sic] at 2-4, filed April 11, 2012 (Doc.31); Defendant Renee Camacho's Reply to Plaintiff's Pro Se Response to Renee L. Camacho's Motion to Dismiss Pursuant to F.R.C.P. Rule 12 (b)(1)(6) [sic]

[Doc. 31] at 1-3, filed April 30, 2012 (Doc. 41).   Judge Scott addressed an actual justiciable issue on the merits and made a recommendation based on its analysis.   In determining whether the Court has jurisdiction to allow the case against Camacho to proceed at all, Judge Scott necessarily addressed the issue, and the issue is thus justiciable.   Judge Scott properly concluded that Archuleta cannot maintain a suit against Defendant Camacho in her individual capacity because she is entitled to prosecutorial immunity.   See PF&RD at 8-9.   Even if he could have maintained a suit against Camacho, his Second Amended Complaint still would have to overcome the procedural bar to seeking an untimely amendment to his complaint which he cannot pass.   Fed. R. Civ. P. Rule 15(a).   Although Rule 15(a) provides that a court should freely grant leave to amend when justice so requires, the Tenth Circuit provides that the court may dismiss without granting leave to amend where the amendment would be futile.   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   Here, the amendment would be futile for the reasons given in the recommended disposition.   Accordingly, because the issue whether Camacho is subject to suit is determinative of futility of an amendment, Judge Scott's recommended disposition and this memorandum opinion and order are not advisory.   After reviewing Archuleta's Objections de novo, the Court has made a de novo determination of the Objections and agrees with Judge Scott's PF&RD.   The Court therefore concludes that it should overrule the Objections and grant Camacho's Motion to Dismiss.

   **IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 27, 2012 (Doc. 62), is adopted; (ii) Francisco S. Archuleta's Pro Se Objections to Magistrate Judge's Proposed Findings & Recommended Disposition/Re: Defendant Camacho's Capacity to be Sued in her Individual Capacity (Doc. 67), are overruled; and (iii)

Defendant Renee L. Camacho's Motion to Dismiss Pursuant to Fed. R. Civ. P. §§ 12(b)(1) and

12(b)6 [sic] and Supporting Memorandum, filed March 14, 2012 (Doc. 24), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Francisco S. Archuleta
Federal Prison Camp
Florence, Colorado

    *Plaintiff pro se.*

Bryan D Evans
Barbara Marie Smith
Carla Neusch Williams
Atwood, Malone, Turner & Sabin, PA
Roswell, New Mexico

    *Attorneys for Defendants City of Roswell,*
       *Al Solis, Travis Holley*

Richard L. Kraft
Kraft & Hunter, LLP
Roswell, New Mexico

    *Attorneys for Defendant Jessica Palmer*

Santiago David Hernandez
El Paso, Texas

    *Defendant pro se*

Kenneth J. Gonzales
   United States Attorney
Michael H. Hoses
   Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant Renee L. Camacho*

-9-