## IN THE UNITED SATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO S. ARCHULETA,

        Plaintiff,

v.

                              Civ. 10-cv-1224 JB/RHS

CITY OF ROSWELL, NEW MEXICO, ET AL.,
AL SOLIS, TRAVIS HOLLEY, JESSICA PALMER,
DAVID HERNANDEZ, RENEE L. CAMACHO,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff Francisco S. Archuleta's *Pro Se* Motion For Leave To File Second Amended Complaint Pursuant To Rule 15 (a)(2) F.R.C.P. ("First Motion For Leave") (Doc. 68) and Francisco S. Archuleta's *Pro Se* Motion For Leave To File Plaintiff's Second Amended Complaint ("Second Motion For Leave") (Doc. 76), filed September 6, 2012 and November 8, 2012, respectively.   Responses (Docs. 71, 72, and 77) were filed by Defendants Renee L. Camacho, City of Roswell, Al Solis and Travis Holley, who have since been dismissed from the instant proceeding. See Docs. 81and 84.   The Court having reviewed the Motions (Docs. 68 and 74), Responses (Docs. 71, 72, and 77), and relevant case law, recommends that Plaintiff's Motions be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was the Defendant in a criminal proceeding in the United States District Court for the District of New Mexico, entitled United States v. Francisco Steve Archuleta, Cr. 10-107 BB. He was indicted by the Grand Jury on two counts (Cr. Doc. 17).   Count One charged Plaintiff

with committing the following offenses: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B), and (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C), and 21 U.S.C. § 846. (Cr. Doc. 17). Count Two charged Plaintiff with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Cr. Doc. 17).   Plaintiff retained private counsel and was represented during the pendency of the criminal proceeding (Cr. Doc. 7).   On May 13, 2010, Plaintiff entered into a Plea Agreement and appeared before the United States Magistrate Judge to enter his guilty plea to Count 2 of the Indictment (Cr. Docs 34, 35).   Plaintiff was sentenced on October 20, 2010, to 46 months of incarceration (Cr. Doc. 40).   Plaintiff currently remains in the custody of the Bureau of Prisons.

Plaintiff filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on December 16, 2010 (Doc. 1), seeking redress for alleged civil rights violations and other pendant claims which allegedly occurred in connection with the criminal proceeding.   On April 29, 2011, the trial court entered a Final Order Dismissing Case without prejudice for failure to cure certain filing defects (Doc. 5).   Plaintiff sent correspondence to the Court on May 17, 2011, which was construed by the Court as a Motion to Reopen Case (Doc 7).   The Court then entered an Order reopening the cause on August 10, 2011 (Doc. 9).   The trial judge referred this cause, on August 10, 2011, to the undersigned for recommended findings and final disposition (Doc. 10).

Plaintiff's First Amended Complaint was filed August 29, 2011 (Doc. 12).   Plaintiff filed his Second Amended Complaint on April 11, 2012, without leave of court, wherein Plaintiff incorporated his First Amended Complaint and alleged that the "pleading is amended only as to Defendant Renee Camacho" to sue her "in her individual capacity only" (Doc. 29).   On August

27, 2012, the Court made two recommendations: first, that the Second Amended Complaint be stricken (Doc. 61) and, second, that all claims against Defendant Renee Camacho be dismissed with prejudice (Doc. 62).   On March 29, 2013, the trial court entered the Memorandum Opinion and Order concluding that Plaintiff's "amendment was improper under Fed. R. Civ. P. 15(a)" and that "the correct action for the Court to take is to find that the amendment is ineffective, and did not supersede Francisco S. Archuleta's Pro Se First Amended Civil Right [sic] Complaint Pursuant to 42 USC § 1983, 1985 and Pendent Claims" filed August 29, 2011 (Doc. 80 at 1). The trial court also adopted the Court's recommendations and granted Defendant Camacho's Motion to Dismiss (Doc. 81).

Plaintiff's First Motion For Leave (Doc. 68) to amend the Complaint to raise claims against Defendant Camacho in her individual capacity was filed on September 6, 2012, and the Second Motion for Leave (Doc. 76) to amend seeking identical relief was filed November 8, 2012.   On September 13, 2012 and September 24, 2012, Defendants Renee L. Camacho, City of Roswell, Al Solis and Travis Holley filed Responses in opposition to Plaintiff's First Motion For Leave (Docs. 71, and 72).   On November 26, 2012, Defendant Camacho filed her Response in opposition to the Second Motion For Leave (Doc. 77).   Plaintiff has never filed a Reply.

Defendants City of Roswell, Al Solis and Travis Holley were dismissed from the proceeding as of August 30, 2013. See Doc. 84.

### LEGAL STANDARD AND ANALYSIS

Although Fed. R. Civ. P. 15(a) provides that a court should freely give leave to amend when justice so requires, the Tenth Circuit provides that the court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his

complaint.   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   "[E]ven though Rule 15(a)

states that 'leave [to amend] shall be freely given . . . this presumption is reversed in cases . . .

where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been

dismissed'." Tool Box v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) (citing Bressner

v. Ambroziak, 379 F.3d 478, 484 (7th Cir. 2001)).

The Court filed the Magistrate Judge's Proposed Findings and Recommended Disposition

("PFRD") (Doc. 62) recommending dismissal of all claims against Defendant Camacho.   After

the PFRD was filed, Plaintiff filed his First Motion For Leave (Doc. 68) to amend Complaint and

then his Second Motion For Leave (Doc. 76) to amend Complaint.   In arguing that he be allowed

leave to amend his Complaint, Plaintiff asserted that he was only changing "the capacity in which

defendant Camacho is being sued" (Doc. 68 at 1) and that "justice requires Archuleta be permitted

to sue Camacho in her individual capacity" (Doc. 76 at 2).   However, Plaintiff was raising claims

that he previously lost.

In the PFRD, the Court considered whether Plaintiff could maintain a suit against

Defendant Camacho in her individual capacity and concluded that she was entitled to prosecutorial

immunity (Doc. 62 at 8-9).   Prosecutorial immunity precluded any claims against Defendant

Camacho in her individual capacity.   Plaintiff objected to the Court's findings and

recommendations that Defendant Camacho was entitled to prosecutorial immunity and that any

suit in her individual capacity should be dismissed (Doc. 67 at 2).   The trial court reviewed the

Court's Analysis in the PFRD *de novo* and found that the parties fully briefed Defendant

Camacho's prosecutorial immunity and that "the Magistrate Judge addressed a justiciable issue on

the merits and made a recommendation based on [his] analysis" (Doc. 81 at 8).   The trial court

adopted the findings of the Court and granted Defendant Camacho's Motion to Dismiss (Doc. 81 at 8).

Plaintiffs' Motions (Docs. 68 and 76) seeking leave to amend the Complaint assert a claim that has been fully briefed and adjudicated on the merits (Docs. 62 and 81).   Moreover, Plaintiff is raising the claim against a Defendant who has been dismissed from this proceeding.   The Court therefore concludes that the amendments Plaintiff seeks are futile and recommends that the Motions for Leave to Amend (Docs. 68 and 76) be DENIED.

## RECOMMENDED DISPOSITION

The Court concludes that Plaintiff's Motions for Leave to Amend the Complaint (Docs. 68 and 76) are futile and recommends that they be DENIED.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.   A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.   If objections are not filed, appellate review will not be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE